```
                 UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION


RENEE SIMS                                             PLAINTIFF


VS.                             CIVIL ACTION NO. 3:06CV146TSL-JCS


FIRST BANK                                             DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on defendant First Bank's motion for summary judgment. Plaintiff Renee Sims has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be denied.

Plaintiff filed this suit claiming she was terminated from her employment with First Bank in retaliation for having reported what she perceived to be sexual harassment by a former supervisor, William Vance. To establish a claim for retaliation under Title VII or § 1981, a plaintiff must demonstrate that (1) she engaged in a protected activity, (2) the employer took an adverse employment action against her, and (3) there was a causal connection between the protected activity and the adverse action. Mayberry v. Mundy Contract Maintenance Inc., 2006 WL 2505308, *2 (5th Cir. 2006) (citing Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 519 (5th Cir. 2001)). An employee has engaged in protected Title VII activity if "he or she has (1) 'opposed any

practice made an unlawful employment practice by this subchapter,' or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.'" Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427-28 (5th Cir. 2000) (emphasis omitted) (quoting 42 U.S.C. § 2000e-3(a)).  Here, since Sims never participated in any formal Title VII proceedings preceding her termination but merely complained to the defendant's president, Jim Covington, the relevant clause is the opposition clause. See Wilson v. Delta State Univ., 143 Fed. Appx. 611, 613, 2005 WL 1939678, 2 (5th Cir. 2005).  Defendant first argues that Sims cannot establish that she engaged in protected activity because she cannot show that she complained of an "unlawful employment activity."  More to the point, defendant argues that the underlying acts of which Sims complained were not actionable because (1) the acts of which she complained were not sufficiently severe or pervasive to constitute actionable sexual harassment,[1] and/or because (2) all but one of

---

[1] "For sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S. Ct. 2399, 2403, 91 L. Ed. 2d 49 (1986) (quoting Henson v. Dundee, 682 F.2d 897, 902 (11th Cir. 1982)).  "To determine if an environment is 'hostile' or 'abusive' within the meaning of Title VII, courts look at the totality of the circumstances including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"  McKinnis v. Crescent Guardian, Inc., 189 Fed. Appx. 307, 309-310, 2006 WL 1880364, 2 (5th Cir.

the comments/actions by Vance occurred more than 180 days prior to Sims' report to Covington of Vance's alleged harassment.[2] Defendant thus reasons that in complaining to Covington, plaintiff was not opposing conduct that was, in fact, an "unlawful employment practice," and accordingly, she cannot succeed on her claim for retaliation.  Defendant's position is without merit.

It may be doubtful whether Vance's alleged conduct constituted actionable sexual harassment.  However, in evaluating whether plaintiff has asserted a viable retaliation claim, the question is not whether the conduct of which she complained amounted to actionable sexual harassment, as defendant contends, but rather whether Sims could reasonably have believed that it did.  The opposition clause of § 2000e-3(a) does not require the employee to prove that the practice she opposed was in fact unlawful, but rather "requires the employee to demonstrate that

---

July 7, 2006) (quoting Harris v. Forklift, 510 U.S. 17, 23, 114 S. Ct. 367, 371, 126 L. Ed. 2d 295 (1993)).  "'A recurring point in [Supreme Court] opinions is that "simple teasing," offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the "terms and conditions of employment."'" Id. (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275, 2283, 141 L. Ed. 2d 662 (1998) (citation omitted).

[2]   "In order to sustain a Title VII claim of sexual harassment, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the 'alleged unlawful employment practice.'"  Waltman v. International Paper Co., 875 F.2d 468, 474 (5th Cir. 1989) (quoting 42 U.S.C. § 2000e-5(d)).

she had at least a 'reasonable belief' that the practice she opposed was unlawful." Byers, 209 F.3d at 427-28 (citing Payne v. McLemore's Wholesale & Retail Stores, 654 F.2d 1130, 1140 (5th Cir. 1981)); Payne, 654 F.2d 1130, 1140 (5th Cir. 1981) (indicating that "an employee need not offer proof of actual unlawful employment practices by his employer in order to establish a prima facie case under section 704(a)" and that "a plaintiff can establish a prima facie case of retaliatory discharge under the opposition clause of section 704(a) if he shows that he had a reasonable belief that the employer was engaged in unlawful employment practices"). Here, regardless of whether the allegations concerning Vance's actions could reasonably be found to amount to actionable sexual harassment, the court is not prepared to hold that plaintiff could not reasonably have believed that they did. For this reason, the court also rejects defendant's argument that plaintiff's claim is not actionable because Vance's conduct was not an unlawful employment activity because plaintiff's complaint with respect to his conduct was not timely made.[3]

---

[3] Moreover, defendant's argument that Sims' report was necessarily untimely because it occurred more than 180 days after most of Vance's alleged sexual harassment has no merit. The Fifth Circuit has recognized an equitable exception to the 180-day limitation on the actionable period, which arises "'[w]here the unlawful employment practice manifests itself over time, rather than as a series of discrete acts.'" Waltman, 875 F.2d at 474 (5th Cir. 1989)(quoting Abrams v. Baylor College of Medicine, 805 F.2d 528, 532 (5th Cir. 1986)). "In order to sustain a claim under

Defendant next argues more generally that plaintiff cannot succeed on her claim of retaliation because she cannot establish a causal nexus between her reporting of Vance's alleged sexual harassment and her termination, and because she has failed to present sufficient evidence to show that defendant's proffered legitimate nondiscriminatory reason for her termination is pretext.  In the court's opinion, however, genuine issues of material fact exist with respect to these issues which preclude summary judgment.

Accordingly, it is ordered that defendant's motion for summary judgment is denied.

SO ORDERED this 21st day of December, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

this exception, known as a continuing violation, the plaintiff must show that at least one incident of harassment occurred within the 180 day period."  Id. at 474-75.